UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61565-LEIBOWITZ

NADIA MARY METROKA,

*Plaintiff,*

*v.*

KERI JOSEPH, THE FLORIDA BAR
AND THE BROWARD COUNTY
GRIEVANCE COMMITTEE,

*Defendants.*

_____/

## ORDER

THIS CAUSE comes before the Court on Defendants Keri T. Joseph, Esq., and the Florida Bar's (collectively, the "Florida Bar Defendants")[1] Motion to Dismiss Plaintiff's First Amendment[2] Complaint and Request for Injunctive Relief (the "Motion") [ECF No. 9], filed on October 7, 2024.  Plaintiff has responded to the Motion [ECF No. 10], the Florida Bar Defendants have not filed a reply, and the time to do so has passed.  For the reasons stated below, the Motion is GRANTED.

## BACKGROUND

The Amended Complaint states as follows:  Plaintiff is a resident of Miami-Dade County and a member of the Florida Bar.  [Am. Compl., ECF No. 6 ¶¶ 9, 14].  Defendant Keri Joseph is

---

[1]     The Florida Bar Defendants state that Defendant "The Broward County Grievance Committee" does not have a separate corporate existence from the Florida Bar, which therefore answers on its behalf.  Thus, this Court will consider that Defendant as part of the Florida Bar Defendants.

[2]     Plaintiff incorrectly labeled her First Amended Complaint as her First Amendment Complaint.

bar counsel for the Florida Bar and an investigating member for the Broward County Grievance Committee.  [*Id.* ¶ 10].  On May 17, 2017, Plaintiff was wrongfully arrested in Fort Lauderdale, Florida, but the city prosecutor did not pursue charges and apologized to Plaintiff's lawyer for what happened to her.  [*Id.* ¶¶ 15, 16].  Still, Plaintiff's mugshot was posted online where it remained for four years.  [*Id.* ¶ 16].  Later, at some point in 2020, Plaintiff was arrested again by the Fort Lauderdale police "while she was exercising her freedom of expression rights and protesting violence, while on a public sidewalk, during the height of the violence that was occurring at the time of the Covid-19 lockdowns," and her mugshot was again posted online.  [*Id.* ¶¶ 17, 19].  Plaintiff was found not guilty of these unspecified charges.  [*Id.* ¶ 18].

In 2021, Plaintiff was pulled over for speeding in North Carolina and pleaded guilty to a misdemeanor reckless driving conviction.  [*Id.* ¶ 20].  In 2022, Plaintiff was arrested again, this time in Pennsylvania, for an unspecified action and was found not guilty, and her mugshot was published online again.  [*Id.* ¶¶ 21, 23].  In relation to this Pennsylvania arrest, Plaintiff claims she sent her lawyer an "extreme set of hypothetical facts," to help him "understand the harm and poor logic associated with his arguments[.]"  [*Id.* ¶ 26].  Whatever the "hypothetical facts" were, her lawyer reported the "extreme set of hypothetical facts to the Florida Bar, claiming that he was afraid for his life."  [*Id.* ¶ 27].

According to Plaintiff, Defendants[3] pursued a disciplinary action against Plaintiff and reported her to the Broward County Grievance Committee, recommending disciplinary charges be

---

[3]    Plaintiff repeatedly conflates the actions of all Defendants in her Amended Complaint, referring to their actions together and failing to specify which Defendant she is accusing of which action.  [*See* Am. Compl. ¶¶ 28–39].  This warrants dismissal by itself as it constitutes a clear type of "shotgun pleading" because it is unclear which Defendant took which alleged action.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Still, this Court continues its analysis beyond this because Plaintiff's Amended Complaint must be dismissed on other grounds as well.

brought against her.  [*Id.* ¶¶ 28–29].  One Defendant allegedly made "fraudulent and prejudicial claims to the committee regarding the foregoing arrests in support of pursuing discipline . . . intending to make the misdemeanor driving conviction appear more severe by stating that Plaintiff was arrested for same."  [*Id.* ¶¶ 30–31].  One Defendant also allegedly made misleading statements regarding the email sent to her lawyer in Pennsylvania.  [*Id.* ¶ 33].  Upon reviewing the materials submitted to it, the Broward County Grievance Committee made "erroneous findings of probable cause to initiate proceedings against the Plaintiff."  [*Id.* ¶ 34].  Plaintiff received some sort of negative recommendation or decision from an arbitrator, which she disputed, and an unspecified Defendant filed another report to the Broward County Grievance Committee recommending discipline.  [*Id.* ¶¶ 36–39].

The above facts constitute all that this Court can glean from Plaintiff's Amended Complaint.  Noticeably missing are any sort of concrete facts that show how Plaintiff was specifically harmed and how a favorable ruling would prevent any further injury to Plaintiff.  As discussed below, it is unclear how Plaintiff's claims constitute any sort of constitutional violation.

Based on the foregoing, Plaintiff brings one count under 42 U.S.C. § 1983 for violations of her First, Fourth, and Sixth Amendment Rights, as well as for violating the Pennsylvania Criminal History Record Information Act (18 Pa. C.S.A. § 9101, *et. seq.*), the Pennsylvania Right to Know Law, Florida Ethics Rules, and the Florida State Constitution.  [*Id.* at 10].

## LEGAL STANDARD

A motion challenging federal subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may take the form of either a "facial attack" or a "factual attack."  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990); *Gainsburg v. Fla. Bar*, No. 23-CV-61877, 2024 WL 2976742, at *2 (S.D. Fla. June 13, 2024).  "A 'facial attack' on the complaint 'require[s] the court merely to look

and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). A "factual attack" instead "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008). The Defendant here challenges Plaintiff's Amended Complaint under a facial attack, so this Court will look to the face of Plaintiff's Amended Complaint.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff's Amended Complaint suffers from various defects. First, and importantly, to the extent that Plaintiff seeks any sort of monetary damages from Defendants, her action is barred by the Eleventh Amendment and sovereign immunity. Second, Plaintiff's Amended Complaint fails on its face to state any cognizable Section 1983 claim against any of the Defendants. Throughout all of this, Plaintiff's Amended Complaint is an impermissible shotgun pleading as well, as it conflates the actions of all Defendants and fails to specify who is alleged to have done what.

### A.  The Eleventh Amendment and Sovereign Immunity

The Eleventh Amendment "bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity." *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).  Eleventh Amendment immunity applies when "the State or one of its agencies or departments is named as the defendant[.]"  *Id.*  If a claim is barred by the Eleventh Amendment, federal courts cannot exercise jurisdiction over it.  *Gainsburg v. Fla. Bar*, No. 23-CV-61877, 2024 WL 2976742, at *3 (S.D. Fla. June 13, 2024) (citing *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001)).

"The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity." *Id.* (citing *Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016)).  None of the arguments Plaintiff makes in response disputes this, rather, she cites cases that are irrelevant to the Eleventh Amendment.  [*See generally* Resp., ECF No. 10].  Because this Court lacks jurisdiction under the Eleventh Amendment to hear a case against the Florida Bar, this matter must be DISMISSED against the Florida Bar and the Broward County Grievance Committee.  It is also well settled that "state officials sued in their official capacity are also protected by the Eleventh Amendment to the same extent as the state itself."  *Id.* (internal quotation marks omitted) (citing *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998)).  Thus, this Court has no jurisdiction to grant any monetary relief in favor of Plaintiff against any of the Defendants.

Plaintiff may be able to proceed against the individual Defendant, Keri Joseph, if (1) the state waived its Eleventh Amendment sovereign immunity and consented to suit in federal court, (2) Congress, acting pursuant to Section 5 of the Fourteenth Amendment, abrogated the state's

Eleventh Amendment sovereign immunity by expressing an unequivocal intent to do so, or (3) the official is sued for prospective injunctive relief to end a continuing violation of federal law pursuant to *Ex parte Young*, 209 U.S. 123, 155–56 (1908).  *Id.*  However, "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions."  *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017).  Therefore, Plaintiff cannot proceed against Defendant Joseph except under the doctrine of *Ex parte Young*.  Accordingly, to the extent Plaintiff seeks any sort of monetary damages from Defendants, this case must be DISMISSED.

Because Plaintiff's claim, to the extent it seeks prospective injunctive relief from Defendant Joseph *can* proceed, this Court must analyze whether Plaintiff adequately stated a claim.

### B.  Failure to State a Claim

To begin, Section 1983 allows individuals to sue state government officials who violate the federal constitutional or statutory rights of the individuals.  *See Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  However, it does *not* provide a cause of action for individuals to sue state officials based on alleged violations of state constitutional or statutory rights.[4]  Therefore, to the extent that Plaintiff's claims for injunctive relief are based on violations of Florida constitutional provisions or Florida statutes, the count is DISMISSED.

Next, Plaintiff fails to state a claim under Section 1983 for a violation of any of her federal constitutional rights.  Plaintiff's Amended Complaint is chock full of generalities such that this Court is unable to glean the specifics of any of her allegations.  For example, Plaintiff claims that

---

[4]    Even if this Court were to liberally construe Plaintiff's Complaint to bring a valid claim under state law, this Court lacks jurisdiction to grant injunctive relief against state officials on the basis of state law under the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

her First Amendment rights were violated by Defendants.   However, none of her pleaded allegations support that theory.   Reading the Amended Complaint as generously as possible for Plaintiff, she was subject to a disciplinary investigation by the Florida Bar which considered her past arrests and her unspecified statements made to her lawyer regarding hypothetical facts.   These allegations alone are insufficient to successfully claim any sort of First Amendment retaliation. *See O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1370 (S.D. Fla. 2016) ("The elements of a First Amendment retaliation claim are (1) the plaintiff engaged in speech or an act that was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech or act, and (3) there is a causal connection between the retaliatory actions and the adverse effect on the constitutionally-protected speech or act.").   Nothing Plaintiff has alleged constitutes speech or an act that was constitutionally protected, nor is there any evidence that Defendants' actions (whatever they may be) adversely affected any sort of protected speech or act. Additionally, Plaintiff has pleaded no facts that would allow this Court to determine that Defendants' unspecified actions and Plaintiff's supposed speech had any sort of causal connection. This Court is additionally unsure of how Plaintiff's Fourth or Sixth Amendments rights would be at all implicated in this matter as there is no ongoing criminal prosecution alleged.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 9**] is **GRANTED.**  This case is **DISMISSED** without prejudice.  The Clerk of Court is directed to **CLOSE** this case.  If Plaintiff wishes to file a Second Amended Complaint, she may do so pursuant to Fed. R. Civ. P. 15(a) **no later than December 2, 2024.**

**DONE AND ORDERED** in the Southern District of Florida on November 4, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record