UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-cv-61565-DSL

NADIA METROKA,

      Plaintiff,

v.

KERI T. JOSEPH, individually and/or on behalf of The
Fort Lauderdale Branch of the Florida Bar,
THE BROWARD COUNTY GRIEVANCE COMMITTEE, and
THE FLORIDA BAR,

      Defendants.
_____/

**FLORIDA BAR DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S "AMENDED COMPLAINT AND REQUEST FOR
DECLARATORY AND INJUNCTIVE RELIEF"
[THE SECOND AMENDED COMPLAINT]**

Defendants Keri T. Joseph, Esq. and The Florida Bar ("the Florida Bar Defendants")[1] move to dismiss Plaintiff's "Amended Complaint and Request for Declaratory and Injunctive Relief" (ECF

---

[1] Nominal Defendants "The Fort Lauderdale Branch of the Florida Bar" and "The Broward County Grievance Committee" do not have a separate corporate existence from the Florida Bar, which therefore answers on their behalf. It should also be noted that the Plaintiff has not identified which Broward County grievance committee she means. Broward County is in the 17th Judicial Circuit, and there are 10 Bar grievance committees for that circuit. *See* https://www.floridabar.org/about/cmtes/cmtes-gr/ (last visited Oct. 4, 2024). Nonetheless, no grievance committee has capacity to be sued separate from its role within The Florida Bar.

12) (the "Second Amended Complaint")[2] with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim).

In its dismissal of the First Amended Complaint, the Court observed that given Eleventh Amendment Immunity and the lack of any waiver by the Bar or abrogation of immunity by Congress, Plaintiff could only proceed under the limited doctrine of *Ex Parte Young*. *See* ECF 11 at 5-6.

Plaintiff's Second Amended Complaint falls woefully short of stating a claim that would avoid Eleventh Amendment *or* the Florida Bar Defendants' judicial immunity, and therefore should be dismissed with prejudice.

## INTRODUCTION

The Florida Bar, acting as an arm and agent of the Florida Supreme Court, regulates the practice of law in Florida. The Florida

---

[2] Plaintiff titled ECF 12 an "Amended Complaint" and entered it into the docket as the "First Amended Complaint." But ECF 12 is in fact the *Second* Amended Complaint, as the First Amended Complaint was ECF 6, which the Court dismissed with leave to file a "Second Amended Complaint." *See* ECF 11 at 1. Therefore, the Florida Bar Defendants refer herein to the operative complaint (ECF 12) as the "Second Amended Complaint."

2

Bar consequently has the duty and the authority to enforce the rules of professional conduct and to prosecute persons practicing within the State of Florida who violate such rules, subject to the disciplinary authority of the Florida Supreme Court. Plaintiff's claims relate to the Florida Bar's disciplinary proceedings against her, as she makes plain in the Second Amended Complaint's introductory paragraph:

> Plaintiff Nadia Mary Metroka, a licensed attorney in the State of Florida, brings this action against the Florida Bar ("Defendant") for violations of privacy rights, freedom of expression, due process rights, retaliation, and harassment. These violations arise from the Florida Bar's unlawful inquiries into Plaintiff's private life, harassment and intimidation surrounding those inquiries, false and damaging reports submitted to the Broward County Grievance Committee, resulting in findings of probable cause, and the subsequent threat of disciplinary action. Additionally, the Florida Bar is unduly interfering and obstructing with Plaintiff's pursuit of her profession and violating her right to free from government overreach.

Plaintiff's "Factual Background" recites multiple of her arrests (ECF 12, ¶¶ 6-9), each supposedly "false," "wrongful," or otherwise excusable. Plaintiff complains that the Florida Bar Defendants "harassed" her about such matters even though the arrests, in Plaintiff's mind, "had/have no relevance to the Plaintiff's practice of law nor her morality...." ECF 12, ¶ 10.

3

Plaintiff also asserts that complaints about her made by attorney (who complained of what he perceived as a threat, which Plaintiff calls merely "an extreme set of hypothetical facts") and an arbitrator should have been ignored (see ECF 12, ¶¶ 15-17, and 19). Instead, Plaintiff alleges, the Florida Bar Defendants:

- "claimed falsely [that] Plaintiff was intending to disparage, humiliate, or discriminate against the subject [attorney] and sought a finding of probable cause that Plaintiff violated rule 4-8.4(d), thereby infringing on Plaintiff's freedom of expression" (Second Amended Complaint, ¶ 17);

- "submitted a false and highly prejudicial report to the Broward County Grievance Committee regarding the incident involving the arbitrator" (¶ 22);

- "led to the Broward County Grievance Committee making a finding of probable cause against Plaintiff that she violated various rules, including the rule prohibiting members from impugning the qualifications of a judicial officer" (¶ 23); and

- "misrepresented Plaintiff's actions, including the incident involving the arbitrator, the prior arrests, and the extreme set of hypothetical facts and falsely portrayed Plaintiff's conduct as unethical" (¶ 24).

Plaintiff consequently claims, in Count I, a violation of 42 USC § 1983 for "Violation of First Amendment" due to the Florida Bar Defendants' "seeking to discipline the Plaintiff":

4

> 41. Defendants Joseph and Florida Bar unlawfully violated Plaintiff's freedom of expression, as guaranteed by and through the Fourteenth Amendment, in seeking to discipline the Plaintiff for expression in Plaintiff's personal life having nothing to do with the Plaintiff's practice of law nor her morality.

And in Count II, a violation of 42 USC § 1983 for "Violation of Fourth Amendment" due to the Florida Bar Defendants' "overreaching" and alleged policy failures with respect to that discipline (after incorporating all prior paragraphs):

> 51. At all times relevant hereto, Defendant Joseph and Florida Bar acted pursuant to a policy or custom of Defendant Florida Bar overreaching into the private matters of its members.
>
> 52. Defendant Florida Bar failed to adopt clear policies and failed to properly train its investigating members as to the proper role of its investigating members, the purpose of discipline, constitutional rights, and the rules of statutory construction.

And, finally, in Count III, a violation of 42 USC § 1983 for "Violation of Due Process Clause" due to the Florida Bar Defendants' alleged providing of "false and prejudicial information in seeking findings of probable cause":

> 58. Defendants Joseph and Florida Bar obtained a finding of probable cause against the Plaintiff without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.
>
> 59. Defendants Joseph and Florida Bar provided false and prejudicial information in seeking findings of probable cause for alleged rule violations unsupported by the facts and failed to follow the rules of statutory construction.

Because the Florida Bar Defendants are entitled to absolute immunity from Plaintiff's second-guessing of their decisions in and roles regarding the investigation of her misdeeds, Plaintiff's claims must be dismissed with prejudice.

**ARGUMENT**

**I.     Eleventh Amendment Immunity**

The Court explained Eleventh Amendment Immunity and how to bring an *Ex Parte Young* claim to Plaintiff in ECF 11.  Plaintiff did not follow that guidance.

First, Plaintiff does not even make clear who the target of the Second Amended Complaint is.  In the opening paragraph, Plaintiff says she "brings this action against the Florida Bar ('Defendant')...." ECF 12 at 1.  But she also refers to "Defendant Joseph" (apparently meaning Keri Joseph, Esq., who was named in the dismissed First Amended Complaint).  *See* ECF 12 at 2 (¶ 5) and 3 (¶¶ 11-12) (as well as numerous other paragraphs). The "Wherefore" clause, in which Plaintiff identifies the relief she seeks, "prays for Judgment against Defendants...."  *See* ECF 12 at 11.

6

And Plaintiff seeks in the "Wherefore" clause "compensatory damages" and "punitive damages." *Id.* As the Court instructed Plaintiff (in ECF 11), Plaintiff cannot make such claims in light of Eleventh Amendment Immunity and *Ex Parte Young*. The Second Amended Complaint is therefore due to be dismissed on that ground alone.

But Plaintiff also makes injunctive relief claims (as she did in the First Amended Complaint). Even in the absence of Eleventh Amendment Immunity, those claims (and all claims) against the Florida Bar Defendants (whichever Defendant Plaintiff intends) are due to be dismissed on "absolute immunity" grounds as discussed below.

## II. PLAINTIFF'S CLAIMS AGAINST THE FLORIDA BAR DEFENDANTS ARE BARRED BY ABSOLUTE IMMUNITY.

The Florida Bar is an official arm of the Florida Supreme Court for the regulation and discipline of attorneys, acting at all times under the supervision and control of that Court. *Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n,* 152 So. 2d 723, 726 (Fla. 1963); R. Regulating the Fla. Bar Ch. 1, Introduction; R. Regulating Fla. Bar 1-8.1, 2-3.1, 3-3.1 and 3-3.2. To this end, courts

7

have consistently held that The Florida Bar, its employees, and its agents act as an official arm of the Florida Supreme Court and enjoy absolute immunity from suit in connection with their functions. *E.g., Zavadil v. Fla. Bar,* 197 So. 3d 596, 596-97 (Fla. 4th DCA 2016) ("the Bar has absolute immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the matters of the regulation of attorneys"); *Spano v. Hoffman*, 968 So. 2d 674, 674-75 (Fla. 4th DCA 2007) (employees of The Florida Bar acting according to their official duties in disciplinary matter were absolutely immune from suit); *Cole v. Owens,* 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (authorized "agents" of the Bar have absolute immunity for their official actions); *Kee v. Baily,* 634 So. 2d 654 (Fla. 3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties").*Mueller v. The Fla. Bar*, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980) (immunity for "the Bar and its agents" from malicious prosecution claims).[3]  "It is well settled that an attorney serves as an

---

[3] Federal courts have also specifically and consistently found that The Florida Bar and its agents are entitled to absolute immunity. *See, e.g., Henry v. Harkness,* 701 F. App'x 878 (11th Cir. 2017);

8

agent for his or her client." *Richard Bertram v. Sterling Bank,* 820 So. 2d 963, 965 (Fla. 4th DCA 2002).

Federal courts have also specifically and consistently found that The Florida Bar and its agents are entitled to absolute immunity. *See, e.g., Henry v. Harkness,* 701 F. App'x 878 (11th Cir. 2017); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993); *Ippolito v. State of Fla.,* 824 F. Supp. 1562, 1572 (M.D. Fla. 1993); *Tindall v. The Fla. Bar,* No. 97–387–CIV–T–17C, 1997 WL 689636 at *4 (M.D. Fla. Oct. 14, 1997), *aff'd,* 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Sup. Ct. of Fla.,* No. 03-7002, 2003 WL 1873939 at *1 (D.C. Cir. Apr. 2, 2003); *Cichowski v. Totten,* No. 3:23-cv-1181-TJC-MCR, *3 (M.D. Fla. Jan. 18, 2024) ("The Florida Bar is…'entitled to absolute immunity'") (quoting *Carroll v. Gross, supra*); *Gainsburg v. The Florida Bar,* No. 23-cv-61877-ALTMAN/-Hunt (S.D. Fla. June 13, 2024) ("The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity").

---

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993); *Tindall v. The Fla. Bar*, No. 97–387–CIV–T–17C, 1997 WL 689636 at *4 (M.D. Fla. Oct. 14, 1997), *aff'd,* 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Sup. Ct. of Fla.*, No. 03-7002, 2003 WL 1873939 at *1 (D.C. Cir. Apr. 2, 2003).

9

And while the Second Amended Complaint is no doubt a "shotgun pleading" making allegations (as noted above) against "Defendant" in a multi-Defendant case and incorporating claims into each other, Plaintiff should not be allowed to replead. Her allegations, over three complaints (ECF 1, ECF 6, and ECF 12), along with abortive additional efforts, show that she cannot make more pointed allegations that would survive muster.

And allowing Plaintiff to replead would effectively defeat the purpose of immunity, which has been held to be not merely a defense from liability, but immunity from harassing suits such as Plaintiff's:

> [Absolute immunity is] based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, should be as free as possible from fear that their actions in that position might have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action.

*Cassell v. India,* 964 So. 2d 190, 194 (Fla. 4th DCA 2007) (citing *Fridovich v. Fridovich,* 598 So. 2d 65, 68 (Fla. 1992) (quoting Restatement (Second) of Torts § 584 at 243)). Thus, when Bar employees and agents have absolute immunity, the complaint against them cannot be amended to state a cause of action. *Cole,* 766 So. 2d at 288.

The Florida Bar Defendants should not have to repeatedly assert immunity in the face of amended complaints. Nor should the Plaintiff invite herself into a false hope that she can litigate her disciplinary issues anywhere other than in her disciplinary proceedings. Her allegations—regardless, in this case, which "Defendant" she believes did what—are precisely the types of claims absolutely prohibited by the doctrine of immunity. Therefore, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

### III. THE COURT LACKS JURISDICTION TO REVIEW FLORIDA BAR DISCIPLINARY MATTERS.

The Second Amended Complaint is Plaintiff's express attempt to have the Court enjoin her state-court disciplinary proceedings. However, only the Florida Supreme Court or its delegee courts have authority to review the Florida Bar's disciplinary actions, and the Florida Supreme Court has not delegated disciplinary review to the federal courts.

The Florida Constitution provides in Article V, Section 15 that the Supreme Court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of

11

persons admitted. The effect of Article V, Section 15 is that state circuit courts "now have only such power as has been provided in [the Rules Regulating The Florida Bar]." *Pantori, Inc. v. Stephenson*, 384 So 2d. 1357, 1358 (Fla. 5th DCA 1980).

The Supreme Court has delegated to state circuit courts and The Florida Bar concurrent jurisdiction to initiate and proceed at the evidentiary level with attorney disciplinary actions. Rule Regulating the Florida Bar 3-3.5 provides:

> The jurisdiction of the circuit courts shall be concurrent with that of The Florida Bar under these Rules of Discipline. The forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.

*Id.*

The Florida Supreme Court has not delegated such jurisdiction to the federal courts.

Thus, because The Florida Bar has exercised jurisdiction over Plaintiff's disciplinary proceedings, as plainly alleged in the Second Amended Complaint, the Court lacks jurisdiction to review such proceedings. Once the disciplinary proceedings are completed, the authority to review such proceedings lies with the Florida Supreme Court. *See Cole,* 766 So. 2d at 288 (recognizing that the "The Florida

Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings"); R. Regulating Fla. Bar 3-7.7 (placing reviewing authority solely with the Supreme Court).

In sum, the Second Amended Complaint only serves as another press release for Plaintiff to air her displeasure about her Bar discipline. Because the Court has no jurisdiction by which it could properly be dragged into such proceedings, the Second Amended Complaint must be dismissed.

### IV.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION.

The core of Plaintiff's Second Amended Complaint is her allegation that the Florida Bar Defendants violated her constitutional rights by bringing disciplinary proceedings against her for her public conduct and treatment of other lawyers, including an arbitrator, in Pennsylvania and Florida. However, as discussed above, a lawyer cannot bring a claim against the Florida Bar (or its personnel or agents) for doing their jobs. Plaintiff cannot state claims that challenge her disciplinary proceedings; instead, she can make her arguments in the disciplinary process. Thus, she fails to state claims under Rule 12(b)(6).

## CONCLUSION

The Florida Bar Defendants respectfully request dismissal of the Second Amended Complaint with prejudice.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
101 East College Avenue
Post Office Drawer 1838
Tallahassee, FL  32301
Phone 850-222-6891

*s/John K. Londot*
JOHN K. LONDOT, ESQ.
Florida Bar No. 579521
LondotJ@gtlaw.com
HoffmannM@gtlaw.com
FLService@gtlaw.com
*Counsel for the Florida Bar Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 10, 2024, I caused service to be accomplished electronically on Plaintiff (below) using the CM/ECF system:

Nadia Mary Metroka, Esq.
1561 Jefferson Ave
9
Miami Beach, FL
NadiaMetroka@gmail.com
305-906-2704

*s/John K. Londot*
JOHN K. LONDOT, ESQ.