IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

Nadia Mary Metroka                                           Case no. 24-cv-61565

Petitioner,

v.

Keri Joseph, individually and/or
as agent of the Fort Lauderdale
Branch of the Florida Bar, the Broward
County Grievance Committee, and the
Florida Bar,

Respondent.___/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION TO DISMISS**

This Response and Brief is filed by Plaintiff, Nadia Mary Metroka, in Response to Defendant, Keri Joseph and the Florida Bar's ("Defendants") Motion to Dismiss under Federal Rule of Procedure 12(b)(1), and 12(b)(6). For the reasons outlined below, Defendant's Motion to Dismiss should be denied.

1) The U.S. Supreme Court in *Canton*, held that sovereign immunity may be waived when there is a failure to properly train, supervise, or where the conduct is part of a policy, practice, or custom. *Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197 (1989). The Plaintiff believes that Defendant Joseph's conduct is either the product of the Florida Bar failing to properly train Florida Bar investigators working for the Florida Bar or, the result of a Florida Bar investigator gone rogue.

2) The U.S. Supreme Court in *Burns* and *Buckley* held that a person carrying out investigative functions are not immune to liability when there is a finding of probable cause premised on false information provided by said investigator. *Burns v. Reed, No.*, 500 U.S. 478

1

(1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). In this case, we have an investigator that provided false information resulting in a finding of probable cause.

Respectfully Submitted,

*/x/Nadia Mary Metroka*
