UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61565-LEIBOWITZ

**NADIA MARY METROKA**,

    *Plaintiff*,

*v.*

**KERI JOSEPH, THE FLORIDA BAR AND THE BROWARD COUNTY GRIEVANCE COMMITTEE**,

    *Defendants*.

_____/

## ORDER

THIS CAUSE comes before the Court on Defendants Keri T. Joseph, Esq., and the Florida Bar's (collectively, the "Florida Bar Defendants")[1] Motion to Dismiss Plaintiff's Amended Complaint and Request for Injunctive Relief (the "Motion") [Mot., ECF No. 13], filed on December 10, 2024. Plaintiff Nadia Metroka ("Plaintiff") has responded to the Motion [ECF No. 14]. This Court previously dismissed Plaintiff's Complaint, finding that Plaintiff's lawsuit against the Florida Bar was barred by the Eleventh Amendment, and Plaintiff failed to state a claim upon which relief could be granted against Keri Joseph. Because Plaintiff fails to cure these deficiencies in the operative Complaint and fails to adequately respond to the Florida Bar Defendants' Motion, this matter must be dismissed with prejudice.

---

[1] The Florida Bar Defendants state that Defendant "The Broward County Grievance Committee" does not have a separate corporate existence from the Florida Bar, which therefore answers on its behalf. [Mot., ECF No. 13 at 1 n.1]. Thus, this Court will consider that Defendant as part of the Florida Bar Defendants.

**BACKGROUND**

The Amended Complaint states as follows: Plaintiff is a resident of Marion County and a licensed attorney in the State of Florida. [First Am. Compl., ECF No. 12 ¶ 3]. Defendant Keri Joseph is "an agent of the Florida Bar, investigating member," and the Florida Bar Defendants are the "regulatory agency responsible for the regulation and oversight of attorneys in Florida[.]" [*Id.* ¶¶ 4, 5]. On May 17, 2017, Plaintiff alleges she was wrongfully arrested in Fort Lauderdale, Florida, but the city prosecutor did not pursue charges and apologized to Plaintiff's lawyer for what happened to her. [*Id.* ¶ 6]. Still, Plaintiff's mugshot was posted online where it remained for four years. [*Id.*]. Later, at some point in 2020, Plaintiff was arrested again "while protesting violence during the Covid-19 lockdowns. She was found not guilty in a bench trial, but her mugshot was again published online[.]" [*Id.* ¶ 7].

In 2021, Plaintiff was pulled over for speeding in North Carolina and pleaded guilty to a misdemeanor driving conviction. [*Id.* ¶ 8]. In 2022, Plaintiff was arrested again, this time in Pennsylvania, for an unspecified action and was found not guilty, and her mugshot was published online again. [*Id.* ¶ 9]. The Amended Complaint explains further that a "click-bate" article was published online regarding the 2022 arrest. [*Id.* ¶ 13]. In relation to this arrest, Plaintiff claims she sent defense counsel an "extreme set of hypothetical facts," to "highlight[] the faulty logic in Defense counsel's arguments" and defense counsel reported it to the Florida Bar, claiming he was "afraid for his life." [*Id.* ¶ 15].

According to Plaintiff, Defendant Joseph pursued a disciplinary action against her and reported her to the Broward County Grievance Committee, with approval from her supervisors at the Florida bar. [*Id.* ¶ 16]. Defendant Joseph "claimed falsely in the report that in sending the extreme set of hypothetical facts, Plaintiff was intending to disparage, humiliate, or discriminate against the subject Defense attorney for the police and sought a finding of probable cause that Plaintiff violated rule 4-8.4(d), thereby infringing on Plaintiff's freedom of expression." [*Id.* ¶ 17]. Defendant Joseph

also sent the "click-bate" article to the Broward County Grievance Committee "in violation of Plaintiff's [purported] constitutional rights to privacy." [*Id.* ¶ 18].

While Plaintiff's case was pending before the Broward County Grievance Committee, an arbitrator reported Plaintiff for filing a "motion to vacate/void his non-binding arbitration decision . . . due to believed fraud and collusion with the Defense." [*Id.* ¶ 19]. Defendant Joseph then submitted a report to the Broward County Grievance Committee regarding the incident involving the arbitrator, which led to the Committee "making a finding of probable cause against Plaintiff that she violated various rules, including the rule prohibiting members from impugning the qualifications of a judicial officer." [*Id.* ¶¶ 22–23]. Plaintiff alleges that Defendant Joseph "misrepresented Plaintiff's actions" and "falsely portrayed Plaintiff's conduct as unethical." [*Id.* ¶ 24]. Plaintiff alleges that "Defendant Joseph failed to interpret the rules in a manner that protects Plaintiff's constitutional rights." [*Id.* ¶ 31]. This caused Plaintiff "significant emotional distress and [unspecified] reputational harm[.]" [*Id.* ¶ 25].

## LEGAL STANDARD

A motion challenging federal subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may take the form of either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Gainsburg v. Fla. Bar*, No. 23-cv-61877, 2024 WL 2976742, at *2 (S.D. Fla. June 13, 2024). "A 'facial attack' on the complaint 'requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). A "factual attack" instead "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d

1229, 1233 (11th Cir. 2008). The Defendant here challenges Plaintiff's Amended Complaint under a facial attack, so this Court will look to the face of Plaintiff's Amended Complaint.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff now attempts to bring three causes of action against the Defendants under 42 U.S.C. § 1983: (1) violation of the First Amendment, (2) violation of the Fourth Amendment, and (3) violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff's First Amended Complaint suffers from the many of the same defects as her Complaint which this Court previously dismissed. First, and importantly, to the extent that Plaintiff seeks any sort of monetary damages from Defendants, her action is barred by the Eleventh Amendment and sovereign immunity. Second, Plaintiff's Amended Complaint fails on its face to state any cognizable § 1983 claim against any of the Defendants. Finally and dispositively, Plaintiff fails to adequately respond to the Defendants' arguments in their Motion, thus abandoning those arguments. *See Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1112 (S.D. Fla. 2023) ("The failure to respond to arguments regarding claims addressed in a motion to dismiss is sufficient basis to dismiss such claims as abandoned or by default.").

### A. The Eleventh Amendment and Sovereign Immunity

The Eleventh Amendment "bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the

states' immunity." *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Eleventh Amendment immunity applies when "the State or one of its agencies or departments is named as the defendant[.]" *Id.* If a claim is barred by the Eleventh Amendment, federal courts cannot exercise jurisdiction over it. *Gainsburg v. Fla. Bar*, No. 23-cv-61877, 2024 WL 2976742, at *3 (S.D. Fla. June 13, 2024) (citing *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001)). "The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity." *Id.* (citing *Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016)).

Plaintiff fails to respond to any of the Florida Bar Defendants' arguments regarding sovereign immunity and the Eleventh Amendment. [*See* Resp., ECF No. 14]. Instead, Plaintiff relies on one case – *City of Canton v. Harris*, 489 U.S. 378 (1989) – for the proposition that "sovereign immunity may be waived when there is a failure to properly train, supervise, or where the conduct is part of a policy, practice, or custom." [Resp. at 1]. *Canton* has nothing to do with sovereign immunity or the Eleventh Amendment, and Plaintiff's citation to it is thus wholly inapposite. Thus, this Court finds that the Florida Bar Defendants may not be sued under the Eleventh Amendment and must dismiss this case against them with prejudice.

It is also well settled that "state officials sued in their official capacity are also protected by the Eleventh Amendment to the same extent as the state itself." *Gainsburg*, 2024 WL 2976742, at *6 (internal quotation marks omitted) (citing *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998)). Thus, this Court has no jurisdiction to grant any monetary relief sought by Plaintiff against any of the Defendants.

Plaintiff would, however, be able to proceed against individual Defendant Keri Joseph, if (1) Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court, (2) Congress, acting pursuant to § 5 of the Fourteenth Amendment, abrogated the state's Eleventh

Amendment sovereign immunity by expressing an unequivocal intent to do so, *or* (3) the official is sued for prospective injunctive relief to end a continuing violation of federal law pursuant to *Ex parte Young*, 209 U.S. 123, 155–56 (1908). *See id.* However, "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017). Therefore, Plaintiff cannot proceed against Defendant Joseph except under the doctrine of *Ex Parte Young*. Accordingly, to the extent Plaintiff seeks any sort of monetary damages from Defendants, this case must be DISMISSED with prejudice.

Because Plaintiff's claim seeking prospective injunctive relief from Defendant Keri Joseph is not barred by the Eleventh Amendment, this Court must analyze whether that claim survives dismissal under Rule 12(b)(6).

### B. Failure to State a Claim

In addition to Plaintiff's complete failure to respond to the Defendants' arguments (see above), Plaintiff separately fails to state a claim against Defendant Keri Joseph under § 1983 for any of the alleged violations of her federal constitutional rights. First, Plaintiff brings a § 1983 action claiming her First Amendment rights were violated because the "Florida Bar failed to adopt clear policies and failed to properly train its investigating members . . . as to the proper role of its investigating members, the purpose of discipline, constitutional rights, and the rules of statutory construction." [First Am. Compl. ¶ 43]. This conclusory statement is devoid of any factual specifics that could fairly put the Defendants on notice of any purported First Amendment violation. Additionally, this Court is unaware of how that statement could possibly lead to a First Amendment violation, and Plaintiff in her response makes no argument as to how Defendants' actions specifically constitute a First Amendment violation. Plaintiff states no concrete facts as to any of the Defendants that could

plausibly constitute a First Amendment violation, nor does she make any argument as to how she pleaded a First Amendment violation. Therefore, this Court must dismiss Count I.

Plaintiff next attempts to bring a § 1983 claim under the Fourth Amendment. Plaintiff claims a Fourth Amendment claim because the Defendants "overreached into the private matters of its member (Plaintiff) in violation of the Fourth Amendment[.]" [First Am. Compl. ¶ 50]. Plaintiff, however, does not allege that there is any sort of criminal investigation into her and makes no specific argument as to why her Fourth Amendment rights were violated. Once again, conclusory statements are not factual allegations. This Court does not find any plausible Fourth Amendment violation has been pleaded and therefore must dismiss Count II.

Lastly, Plaintiff attempts to bring a § 1983 claim for violation of her Due Process rights. Plaintiff again relies on broad conclusory statements devoid of any specifics. She claims that the Defendants "obtained a finding of probable cause against the Plaintiff without due process of law in violation of the Fourteenth Amendment[.]" [First Am. Compl. ¶ 58]. Nothing in Plaintiff's First Amended Complaint supports anything close to a Due Process violation, nor does Plaintiff make any specific argument as to why she adequately pleaded a § 1983 Due Process claim against any Defendant.

In sum, Plaintiff fails once again to plead sufficient, plausible facts to support her three claims under § 1983. Nor does Plaintiff make any convincing legal argument as to why this Court should not dismiss her Complaint. Because this is Plaintiff's third unsuccessful attempt to bring claims against these Defendants [*see* ECF Nos. 1, 6, 12], this Court dismisses her Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 13**] is **GRANTED**. This case is **DISMISSED with prejudice**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on January 3, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record